UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

ESTATE OF RICHARD LEE SHAFER,                          Case No. 2:12-CV-00407-SU
by and through its Personal Representative,
Kristi Shafer,

        Plaintiff,                                                    OPINION AND ORDER

    v.

CITY OF ELGIN, OREGON; ERIC
KILPATRICK; and KEVIN LYNCH,

        Defendants.

_____

SULLIVAN, Magistrate Judge:

      Plaintiff Estate of Richard Lee Shafer, by and through its Personal Representative Kristi

Page 1 - OPINION AND ORDER

Shafer, filed an Amended Complaint against the City of Elgin, Oregon, Eric Kilpatrick, and Kevin Lynch. Plaintiff alleges a claim under 42 U.S.C. § 1983 for unreasonable force in violation of the Fourth Amendment and a state law claim for wrongful death under Or. Rev. Stat. § 30.020 and Or. Rev. Stat. § 30.275. Before the court are plaintiff's Motion to Compel Production of Documents (doc. # 39) and defendants' Motion to Bifurcate (doc. # 50). The court held oral argument by telephone on February 10, 2014. For the reasons set forth below, plaintiff's Motion to Compel Production of Documents is GRANTED, in part, and DENIED, in part. Defendants' Motion to Bifurcate is GRANTED.[1]

## BACKGROUND

On the morning of August 1, 2011 Gloria Shafer, wife of Richard Lee Shafer, contacted the City of Elgin Police Department and requested that a police officer come to the couple's home in Elgin, Oregon. Am. Compl. ¶¶ 9–10. Gloria was in the process of moving out of the residence and Richard objected to her removing property. *Id.* Eric Kilpatrick, acting within the scope of his employment as a police officer for the City of Elgin, responded to the request. *Id.* at ¶¶ 10–11. Kevin Lynch was the Chief of Police for the City of Elgin at the time and the supervisor for Officer Kilpatrick. *Id.* at ¶ 17. Plaintiff alleges that while at the Shafer residence, Officer Kilpatrick used his taser weapon on Richard and later shot and killed him. *Id.* at ¶¶ 14–15.

Plaintiff claims under 42 U.S.C. § 1983 that defendants violated Richard Lee Shafer's right not to be subjected to unreasonable force, in violation of the Fourth Amendment. *Id.* at ¶¶ 31–36. Based on the facts alleged in the Amended Complaint and the capacities in which defendants have

_____

[1] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to Fed. R. Civ. P. 73(b). (doc. # 28).

been sued,[2] the court construes this claim to be: (1) a § 1983 claim against Officer Kilpatrick for unreasonable force; (2) a § 1983 claim against Chief Lynch for supervisor liability; and (3) a § 1983 claim for municipal liability against the City of Elgin under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Plaintiff also makes a claim under state law for wrongful death against the City of Elgin.[3]  *Id.* at ¶¶ 37–41.

I.    <u>Plaintiff's Motion to Compel Production of Documents</u>

Plaintiff moves to compel production of all psychological evaluations of Officer Kilpatrick and Chief Lynch, the complete personnel files for Officer Kilpatrick and Chief Lynch, and all Elgin City Council records, including executive session minutes and recordings, regarding Officer Kilpatrick, Chief Lynch, or the City of Elgin Police Department.  Pl.'s Mot. Compel Produc. Docs. 2–4.

**LEGAL STANDARD**

Fed. R. Civ. P. 26(b)(1) provides for the scope of discovery as follows: "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . and appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Further, Fed. R. Civ. P. 26(c)(1) provides for discovery under a protective order to protect a party against annoyance, embarrassment, oppression, or undue burden.  Fed. R. Civ. P. 26(c)(1); *see also* LR 26–4.

_____

[2] Plaintiff states Officer Kilpatrick and Chief Lynch are sued in their individual capacities only.  Am. Compl. at ¶ 6.

[3] The Amended Complaint appears to assert the wrongful death claim only against the City of Elgin.  Am. Compl. at ¶¶ 1, 38–39.

## DISCUSSION

Defendants object to the production of the documents and records. Defendants argue that the personnel records requested are protected from discovery by Or. Rev. Stat. § 192.501, Or. Rev. Stat. § 192.502, Or. Rev. Stat. § 181.854, government privilege, the privacy rights of Officer Kilpatrick and Chief Lynch, HIPAA, attorney-client privilege, and impermissible character evidence. Defs.' Resp. Mot. Compel. 2–9. Similarly, defendants object to the production of executive session minutes and tapes (which have been transcribed) based on Oregon law and government privilege, as well as the privacy rights of Chief Lynch and Officer Kilpatrick. *Id.* at 9–11.

In response to plaintiff's Motion to Compel Production, defendants produced limited documents from Officer Kilpatrick's personnel file, limited documents from Chief Lynch's personnel file, a training manual for reserve officers, and 2006–07 documents regarding the training of Officer Kilpatrick when he was a reserve officer. Decl. of Leslie A. Edenhofer, Ex. 1, Jan. 21, 2014. In addition, defendants have produced Elgin City Council minutes for June 14, 2011 to January 10, 2012, and miscellaneous Elgin City Council minutes including September 12, 2006, September 11, 2007, March 10, 2009, July 14, 2009, July 13, 2010 and October 12, 2010. Edenhofer Decl., Ex. 2. All of these documents are subject to the Stipulated Protective Order (doc. #19) entered January 10, 2013. On February 10, 2014, the court heard oral argument during which defendants were ordered to submit a privilege log and the documents and records requested by plaintiff for *in camera* inspection.

Page 4 - OPINION AND ORDER

A.    Personnel Files

While defendants raise a variety of objections in their privilege log regarding the production of the requested documents, their argument emphasizes the Oregon Public Records Law and Chief Lynch and Officer Kilpatrick's right to privacy regarding their personnel files.  The court is not persuaded by defendants' arguments, except to the extent that the attorney-client privilege applies and that certain documents are not relevant to the issues raised.

Defendants cite Or. Rev. Stat. § 192.502, the Oregon Public Records Law, for the proposition that Chief Lynch and Officer Kilpatrick's personnel files are exempt from disclosure.[4] However, Or. Rev. Stat. § 192.502 "is not a statute that creates an evidentiary privilege exempting these documents from discovery.  Rather, [it] is a public records law that creates an exception to the rule that every person has a right to inspect the records of any public body. " *Brown v. State Dep't of Corr.*, 173 F.R.D. 262, 264 (D. Or. 1997).  As such, Or. Rev. Stat. § 192.502 "does not limit the broad discovery authorized by Fed. R. Civ. P. 26(b)(1)." *Id.*  Here, there is no "unreasonable invasion of privacy," as stated in Or. Rev. Stat. §§ 192.502(2)–(4), in disclosing the personnel files of Chief Lynch and Officer Kilpatrick as the files are to be protected by a Stipulated Protective Order.  The personal information, i.e. social security numbers, dates of birth, addresses and telephone numbers have been redacted.  The psychological evaluation, as part of Officer Kilpatrick's personnel file, is similarly not protected. *See Mueller v. Walker*, 124 F.R.D. 654, 659 (D. Or. 1989).

---

[4] Defendants also cite Or. Rev. Stat. § 181.854 in the privilege log but do not argue its application.  As such, the court will not address this statute.

Defendants also object to the production of Chief Lynch and Officer Kilpatrick's personnel records based on their federally protected privacy rights.[5]  "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."  *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *see also Breed v. U.S. Dist. Ct. for the N. Dist. of Cal*, 542 F.2d 1114, 1116 (9th Cir. 1976).  Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted.  *Soto*, 162 F.R.D. at 616.  Nonetheless, "a carefully drafted protective order [can] minimize the impact of this disclosure."  *Id.*

While the court recognizes that defendants have produced some documents from the personnel files of Chief Lynch and Officer Kilpatrick, an *in camera* review of those files reveal other documents that are relevant or that could lead to relevant information about the allegations made in the case.  Plaintiff alleges that there is a history of indifference to the use of force in the City of Elgin Police Department, and that training investigating, monitoring and disciplining officers regarding the use of force are lacking.  *See* Am. Compl. at ¶¶ 18, 20.  Here, the balancing of privacy against the need for information weighs in favor of disclosure of personnel matters that may

---

[5] Defendants also assert a qualified privilege for official information.  Federal common law acknowledges a qualified privilege for certain government files.  *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  However, this privilege must be formally asserted by a responsible official within the government agency through a declaration stating with specificity the rationale of the claimed privilege.  *Kerr v. U.S. Dist. Ct. for the N. Dist. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *Denison v. Oregon*, 211 F.R.D. 408, 410 (D. Or. 2002) (citations omitted).  Because no responsible official came forward to properly assert and delineate any claim of privilege, the court cannot engage in a formal analysis of whether this privilege applies in this case.  *See, e.g., Zackery v. Stockton Police Dep't,* 2007 WL 1655634, *3 (E.D. Cal. June 7, 2007).

implicate the policies and procedures used in the Elgin Police Department. As such, "a carefully drafted protective order [can] minimize the impact of this disclosure." *Soto,* 162 F.R.D. at 616.

However, to the extent that the personnel records of Chief Lynch and Officer Kilpatrick contain documents protected by the attorney-client privilege, the documents shall not be produced. The court has identified those documents as EDP 1379-81, 1382-83, 1387-90, and 1611. Also, to the extent that the personnel files contain irrelevant personal information such as, insurance information, PERS documents and tax documents, these need not be produced. The court has identified those documents as EDP 1572-73, 1575-76, 1578-79, 1587-88, 1606-08 from Chief Lynch's file and EDP 1281-83, 1285-86, 1350, and 1357 from Officer Kilpatrick's file.

Defendants shall produce the personnel files of Chief Lynch and Officer Kilpatrick, including the psychological evaluation of Officer Kilpatrick, subject to the Stipulated Protective Order, but excluding the documents as noted above.

B.    Elgin City Council Executive Session Notes, Minutes, Tapes, and Transcripts of Proceedings

Defendants have produced Elgin City Council minutes but have objected to the production of executive session minutes, notes, and tapes. At the court's request, the tapes of executive sessions available to defendants have been transcribed and produced for *in camera* inspection.

Defendants object to the production of the records of Elgin City Council executive sessions on various grounds. Defendants' argument specifically cites Or. Rev. Stat. § 192.502(9) and Or. Rev. Stat § 192.650(2) for the proposition that executive session minutes are exempt from disclosure. However, as previously stated, Or. Rev. Stat. § 192.502 does not create an exemption from discovery. Additionally, Or. Rev. Stat. § 192.650(2), states ". . . excluded materials are

authorized to be examined privately by a court in any legal action and the court shall determine their admissibility."  Or. Rev. Stat. § 192.650(2)

Or. Rev. Stat. § 192.650(2) does not protect the defendants from disclosure of executive sessions, "unless the sessions were held '[t]o consult with counsel concerning the legal rights and duties of a public body with regard to current litigation or litigation likely to be filed.'"  *Huson v. City of Forest Grove*, 2002 WL 31435690, *2 (D. Or. Jan. 2, 2002) (citing Or. Rev. Stat. § 192.660(1)(h)).  A review of the transcripts of the executive sessions reveals that no attorney for defendants was present at any of the sessions nor do defendants claim that an attorney for the City of Elgin was present.

The executive meeting minutes identified as EDP 496, 583-588 shall be produced.  Executive session notes identified as EDP 3199-3205 shall be produced.  The tapes and transcript of recording of executive session dated September 8, 2009, May 31, 2011, and October 3, 2011 shall be produced.  The tape and transcript of recording of executive session December 11, 2011, is irrelevant as it concerns an individual not a party to this suit and shall not be produced.

II.    Defendants' Motion to Bifurcate

Defendants move to bifurcate all trial issues related to the claim against Officer Kirkpatrick for unreasonable force from the claim against Chief Lynch for supervisor liability and the claims against the City of Elgin under *Monell* and state law.  Defs.' Mot. Bifurcate 1–2.

## LEGAL STANDARD

The court, in furtherance of convenience, to avoid prejudice, or to expedite and economize, may order a separate trial of one or more separate issues or claims, but must preserve any federal

right to a jury trial.  Fed. R. Civ. P. 42(b).  The court has broad discretion to bifurcate a trial under Fed. R. Civ. P. 42(b).  *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).

## DISCUSSION

Plaintiff's allegations of a constitutional violation by Officer Kilpatrick on August 1, 2011, constitutes a threshold issue in this case.  *See Arnold v. City of Scappoose*, 2001 WL 34039490, *2 (D. Or. Aug. 20, 2001).  Neither a supervisor nor a municipality can be held liable under § 1983 where no injury or constitutional violation has occurred.  *Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001) (citing *City of Los Angeles v. Heller*, 475 U.S. 796 (1986); *Grossman v. City of Portland*, 33 F.3d 1200, 1203 (9th Cir. 1994)).  Separating the question of the constitutionality of the individual officer's actions from the question of supervisor liability and municipal liability is in the interest of judicial economy, as well as the avoidance of potential prejudice and confusion.  *See e.g. Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996).

The court finds all of the interests in Fed. R. Civ. P. 42(b) will be advanced by bifurcating the claim against Officer Kirkpatrick for unreasonable force from the claim against Chief Lynch for supervisor liability and the claims against the City of Elgin under *Monell* and state law.  *See Arnold*, 2001 WL 34039490, at *2.  The court also finds that the procedure in *Atencio v. Arpaio*, 2013 WL 5327382 (D. Ariz. Sept. 24, 2013) is the most efficient procedure for trial of this case.  Therefore, plaintiff's claim against Officer Kilpatrick shall be tried first.  *See Atencio*, 2013 WL 5327382, at *6.  If the trier of fact finds Officer Kilpatrick violated plaintiff's constitutional rights, the trial will proceed before the same jury with respect to the claim against Chief Lynch for supervisor liability and the claims against the City of Elgin under *Monell* and state law.  *See id.*  Defendants' motion to bifurcate is therefore GRANTED.

**CONCLUSION**

Based upon the foregoing, plaintiff's Motion to Compel Production of Documents (doc. #

39) is GRANTED, in part, and DENIED, in part,  and defendants' Motion to Bifurcate (doc. # 50)

is GRANTED.

IT IS SO ORDERED.

Dated this 28th day of March, 2014.

_  /s/ Patricia Sullivan_____
Patricia Sullivan
United States Magistrate Judge