IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| ESTATE OF RICHARD LEE SHAFER, by and through its Personal Representative, Kristi Shafer,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY OF ELGIN, OREGON; ERIC KILPATRICK; and KEVIN LYNCH,<br><br>      Defendants. | Case No. 2:12-cv-00407-SU<br><br>OPINION AND ORDER |

SULLIVAN, Magistrate Judge:

      The Estate of Richard Lee Shafer, by and through its Personal Representative Kristi Shafer, filed an Amended Complaint asserting Fourth Amendment claims under 42 U.S.C. § 1983 against the City of Elgin, Oregon (the "City"), Eric Kilpatrick ("Officer Kilpatrick"), and Kevin Lynch

Page 1 - OPINION AND ORDER

("Chief Lynch").[1] Plaintiff's Amended Complaint alleges: (1) a claim against Officer Kilpatrick individually for unreasonable force in violation of Richard Shafer's Fourth Amendment rights; (2) a claim against Chief Lynch individually for supervisor liability; and (3) a claim against the City for municipal liability. (Am. Compl. ¶¶ 31–36.)

On March 28, 2014, the Court granted defendants' Motion to Bifurcate all trial issues related to the claim against Officer Kilpatrick for unreasonable force from the claim against Chief Lynch for supervisor liability and the claim against the City for municipal liability (doc. #64). Beginning January 12, 2015, the Court held a bifurcated jury trial as to the claim against Officer Kilpatrick for unreasonable force. On January 15, 2015, the jury rendered a verdict (doc. # 204) finding Officer Kilpatrick did not violate Richard Shafer's Fourth Amendment rights. Defendants now move to dismiss (doc. # 207) the remaining claims against Chief Lynch and the City. Plaintiff does not object to defendants' motion. For the reasons discussed below, defendants' motion is granted.[2]

## DISCUSSION

Plaintiff asserts that prior to the death of Richard Shafer, Chief Lynch and the City failed to train Officer Kilpatrick in the use of force, failed to investigate citizen complaints alleging unreasonable force by Officer Kilpatrick, and failed to discipline Officer Kilpatrick for unreasonable force. (Am. Compl. ¶¶ 17–18, 20–24, 32–33.) Plaintiff alleges the conduct of Chief Lynch and the City were contributing causes of the death of Richard Shafer. (*Id.* ¶¶ 19, 26.)

---

[1] Plaintiff's Amended Complaint previously asserted a claim under state law for wrongful death. (Am. Compl. ¶¶ 37–41.) On January 5, 2015, the Court granted plaintiff's oral motion to dismiss the wrongful death claim. (doc. # 183).

[2] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to Fed. R. Civ. P. 73(b). (doc. #28).

As the Court explained in its opinion bifurcating all trial issues related to the claim against Officer Kilpatrick from the claims against Chief Lynch and the City:

> Plaintiff's allegations of a constitutional violation by Officer Kilpatrick on August 1, 2011, constitutes a threshold issue in this case. *See Arnold v. City of Scappoose*, 2001 WL 34039490, *2 (D. Or. Aug. 20, 2001). Neither a supervisor nor a municipality can be held liable under § 1983 where no injury or constitutional violation has occurred. *Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001) (citing *City of Los Angeles v. Heller*, 475 U.S. 796 (1986); *Grossman v. City of Portland*, 33 F.3d 1200, 1203 (9th Cir. 1994)).

(Opinion and Order (doc. #64) at 9.) As a result of the jury's verdict in this case, the Court finds as a matter of law that plaintiff cannot sustain a claim against Chief Lynch or the City. As such, defendants' motion is GRANTED.

## CONCLUSION

Based on the foregoing, defendants' Motion to Dismiss Remaining Claims (doc. #207) is granted and the claims against defendants Kevin Lynch and the City of Elgin, Oregon are dismissed with prejudice.

IT IS SO ORDERED.

Dated this _20th_ day of February, 2015.

                                            /s/ Patricia Sullivan
                                            Patricia Sullivan
                                            United States Magistrate Judge